NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GLORIA SUN JUNG YUN,

*Plaintiff,*

v.

STATE OF NEW JERSEY, et al.,

*Defendant.*

Civil Action No. 18-17283

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

Plaintiff Gloria Sun Jung Yun seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** her application to proceed *in forma pauperis* but **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes her inability to pay, and the Court grants her application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). "A complaint is frivolous when it lacks an arguable basis either in law or fact." *Scarnati v. Brentwood Borough Police Dep't.*, 556 F. App'x 74, 75 (3d Cir.

2014). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff appears to be a member of the sovereign citizens movement. Plaintiff's claims arise from a motor vehicle stop. Plaintiff states that she does not use roads "for hire," and is not a "driver." Compl. ¶¶ 20-28, D.E. 1.[1] While traveling to visit family, Plaintiff was pulled over on Route 80 in New Jersey by Defendant New Jersey State Trooper Buonomo because there was a plastic cover over the license plate holder of her vehicle. Instead of a state issued license plate, Plaintiff has a "not for hire" car tag, and when Buonomo asked for Plaintiff's license, Plaintiff handed him a private citizen's identification. Compl. ¶¶ 4-7. Buonomo told Plaintiff that she was required to have a driver's license and registration, issued seven traffic tickets, impounded Plaintiff's car, and left Plaintiff at a Burger King in the heavy snow. *Id.* ¶¶ 8-10. In order to get home, and ultimately get her car out of the impound lot, Plaintiff was forced to incur more than $1,000 in unexpected travel costs, unpaid tickets, vehicle registration, and to restore her license, which she had proactively suspended at an earlier date. *Id.* ¶ 12. Plaintiff believes that she should not have been required to reinstate her license or register her car because she does not use the roads for hire.

Plaintiff's Complaint asserts claims against Officer Buonomo; various local, state and federal government officials; New Jersey; and the New Jersey State Police. Plaintiff asserts a number of claims alleging multiple constitutional violations, presumably pursuant to 42 U.S.C. § 1983. Section 1983 provides individuals with a cause of action for certain violations of

---

[1] Plaintiff filed a document, entitled Notice of Removal, with her Complaint and IFP application. In the Notice of Removal, Plaintiff requests that a proceeding against her in the Rockaway Boro Municipal Court be removed and merged into the existing federal court claim. Notice of Removal at 5, D.E. 1-1. A defendant in a state court civil matter may remove the case to the appropriate federal district court, if the district court has "original jurisdiction" over the matter. 28 U.S.C. § 1441(a). It does not appear that Plaintiff is currently a defendant in a state court civil matter. Thus, there is no case for Plaintiff to remove. To the extent Plaintiff is attempting to remove a municipal court matter based on motor vehicle tickets she received, D.E. 1-1 at 17-20, this Court is without subject matter jurisdiction to entertain such a matter.

constitutional rights. To state claim under Section 1983, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015). The Court will assume, for purposes of this screening, that Defendants are state actors. But as will be discussed, Plaintiff fails to sufficiently allege any Section 1983 claim.

At the outset, Counts Five, Seven, Ten, Eleven, and Twelve are apparently premised on Plaintiff's sovereign citizens movement beliefs. Count Five alleges that unlawfully confiscating Plaintiff's car, which forced Plaintiff to be a "driver," amounts to involuntary servitude or coerced detention. Compl. ¶ 57. In Count Seven, Plaintiff alleges that Defendants violated her Seventh Amendment rights by refusing to give common law proceedings to a private citizen. *Id.* ¶ 58. Count Ten alleges that Defendants violated the Ninth Amendment (*id.* ¶ 61), and Count Eleven alleges that Defendants violated Plaintiff's Thirteenth Amendment rights (*id.* ¶ 62). Finally, in Count Twelve, Plaintiff alleges that Defendants violated her Fourteenth Amendment rights based on the sovereign citizens movement view that maritime or martial law has replaced the "common law." *Id.* ¶ 63. Because these five counts have no basis in law, they are dismissed as frivolous. *See Scarnati*, 556 F. App'x at 75 (affirming dismissal of "clearly baseless" claims as frivolous).

Turning to the other counts, Plaintiff alleges in Count One that Defendants violated her right to travel by converting her right into a "privilege for their own benefit." Compl. ¶ 53. While a constitutional right to travel may exist, the specific parameters of this right are unclear. *United States v. Baroni*, 909 F.3d 550, 587 (3d Cir. 2018) (petition for *certiorari* pending). What is clear, however, is that the Supreme Court has long recognized the power of states to regulate the use of motor vehicles, including by requiring that individuals register vehicles and obtain driver's

licenses. *State v. Stephens*, No. A-5497-16T3, 2019 WL 361645, at *5 (App. Div. Jan. 30, 2019) (quoting *Hendrick v. Maryland*, 235 U.S. 610, 622 (1915)). As a result, the fact that Plaintiff had to pay to reinstate her driver's license and register her car does not violate her right to travel. Count One, therefore, fails to state a claim.

In Count Two, Plaintiff appears to allege that by enforcing municipal law, Defendants impeded upon her religious beliefs in violation of the First Amendment. Compl. ¶ 54. While not clearly explained, Plaintiff is presumably referring to laws requiring that she have a driver's license and registration. "[T]he right of free exercise [of one's religion] does not relieve an individual of the obligation to comply with a 'valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes).'" *Emp't Div., Dep't of Human Res. of Or. v. Smith*, 494 U.S. 872, 878-79 (1990) (quoting *United States v. Lee*, 455 U.S. 252, 263 n.3 (1982)). Here, the laws at issue are neutral and of general applicability. As a result, Plaintiff fails to state a First Amendment free exercise claim.

Plaintiff alleges in Count Three that Defendants violated her Fourth Amendment rights because there was no probable cause to pull her over or impound her car. Compl. ¶ 55. "Police officers may perform investigatory traffic stops based on a reasonable suspicion that 'an individual has violated the traffic laws.'" *United States v. Richardson*, 504 F. App'x 176, 180 (3d Cir. 2012) (quoting *United States v. Delfin-Colina*, 464 F.3d 392, 397 (3d Cir. 2006)). Moreover, a traffic stop is deemed reasonable "when an objective review of the facts shows that an officer possessed specific, articulable facts that an individual was violating a traffic law at the time of the stop." *Id.* Here, Plaintiff does not allege that she was driving with a state-issued license plate on her vehicle. As a result, there was clearly probable cause for Defendant Buonomo to make the initial traffic stop. Moreover, "[a]ny police officer is authorized to remove any unregistered vehicle from the

public highway to a storage space or garage." N.J.S.A. 39:3-4. Thus, Officer Buonomo was authorized by statute to impound Plaintiff's car because it was unregistered. Accordingly, Plaintiff fails to state a Fourth Amendment claim.

In Count Four, Plaintiff asserts that her Fifth Amendment due process rights were violated because "Defendants attempted to give bench trial and trial by jury of her peers." Compl. ¶ 56. "Fifth Amendment Due Process protection only applies when the federal government seeks to deprive a person of life, liberty or property." *Strategic Envtl. Partners, LLC v. Bucco*, 184 F. Supp. 3d 108, 127 (D.N.J. 2016). With the exception of Defendant Rex W. Tilerson, former United States Secretary of State, Defendants in this matter are all state and local individuals and entities. As a result, Plaintiff cannot assert a Fifth Amendment due process claim against these Defendants. As for Defendant Tilerson, Plaintiff alleges that Defendant Tilerson failed to issue her a state citizen's passport. Compl. ¶ 46. Outside of this conclusory allegation, however, Plaintiff does not include any facts explaining Defendant Tilerson's personal involvement in the alleged wrongful conduct. In addition, a "state citizen's passport," the Court assumes, is some type of document that the sovereign citizens movement promotes. As a result, Plaintiff also fails to state a Fifth Amendment claim against Defendant Tilerson. *See Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015) (explaining that a well-pleaded complaint must include facts establishing each individual defendant's personal involvement in the alleged wrongdoing).

Plaintiff alleges in Count Six that Defendants violated her due process rights because she was forced to, among other things, renew her driver's license and vehicle registration. Compl. ¶ 85. The Fourteenth Amendment's Due Process clause, which has both a procedural and a substantive component, only protects constitutionally protected property interests. "Procedural due process requires the government to follow fair procedures before depriving a person of a

protected property interest." *Harley v. City of Jersey City*, No. 16-5135, 2017 WL 2779466, at *10 (D.N.J. June 27, 2017). For a substantive due process claim challenging the validity of non-legislative state action, a plaintiff must first establish that he has a protected, fundamental property interest. *Greco v. Adult Diagnostic & Treatment Ctr.*, No. 05-3869, 2007 WL 4264544, at *3 (D.N.J. Dec. 3, 2007). The Court, however, is not aware of any protectable property interest with respect to choosing to not have a driver's license or register one's vehicle (and then driving in the vehicle). Moreover, a "state must only afford a person due process when suspending or revoking his or her driver's license." *Muhammad v. Weis*, No. 08-3616, 2009 WL 2525454, at *12 (E.D. Pa. Aug. 17, 2009). Plaintiff does not allege that she was denied due process when the state revoked her driver's license. To the contrary, she indicates that the voluntarily gave up her license. Count Six fails to plausibly plead any claim.

Count Eight alleges that Defendants violated Plaintiff's Sixth Amendment rights because Defendants failed to give Plaintiff a speedy and impartial trial. Compl. ¶ 59. The Sixth Amendment provides that "[i]n all criminal proceedings, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. In this instance, it does not appear that Plaintiff has been accused of any criminal wrongdoing or involved in any criminal proceedings. Rather, it appears that Plaintiff merely received several traffic tickets. *See* D.E. 1-1 at 17-20. Consequently, Sixth Amendment speedy trial protections are inapplicable to this matter. Moreover, the Sixth Amendment applies to the federal government, not the State. Thus, Plaintiff fails to state a claim in Count Eight.

In Count Nine, Plaintiff alleges that Defendants violated her Eighth Amendment rights by imposing excessive fines. Compl. ¶ 60. The Excessive Fines Clause of the Eighth Amendment "limits the government's power to extract payments, whether in cash or in kind, as punishment for

some offense." *United States v. Bajakajian*, 524 U.S. 321, 328 (1998). In this instance, Plaintiff does not allege that any of the costs she incurred after her car was impounded were imposed as punishment. As a result, Plaintiff fails to state an Eighth Amendment claim.

In sum, Plaintiff's Complaint fails to state any cognizable claims. The Complaint, therefore, is dismissed in its entirety.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Generally, it is this Court's practice to provide a litigant at least one opportunity to amend her complaint. However, in light of Plaintiff's Complaint, the Court is convinced the Plaintiff is proceeding under legal theories that are not recognized in the federal courts. While Plaintiff cites to certain constitutional provisions, her application of such provisions is so far afield that any attempt at amendment would be futile. As a result, this case is dismissed with prejudice.

Accordingly, and for good cause shown,

IT IS on this 28th day of February, 2019,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Gloria Sun Jung Yun's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that to the extent Plaintiff is attempting to remove to this Court a New Jersey municipal court matter, D.E. 1-1 at 17-20, this Court lacks subject matter jurisdiction over such a matter[2]; and it is further

**ORDERED** that Plaintiff's Complaint is dismissed in its entirety as frivolous and for failure to state a claim; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff by certified mail return receipt; and it is further

**ORDERED** that the Clerk's Office shall close this matter.

_____
John Michael Vazquez, U.S.D.J.

---

[2] Plaintiff's removal of her municipal court case to this Court is so utterly baseless that this Court has no doubt that no municipal court would seriously entertain any argument from Plaintiff that the municipal court lacked jurisdiction based on Plaintiff's removal. However, if necessary for technical reasons, this Court REMANDS the municipal court matter retroactive to the date that Plaintiff removed it to this Court.